UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMI Y. WALLACE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10758-IT |
| | * | |
| WILLIAM S. PLILER, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER ADOPTING REPORT AND RECOMMENDATION

May 28, 2024

TALWANI, D.J.

Petitioner Timi Wallace has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] asserting that the Massachusetts Supreme Judicial Court ("SJC") erred in holding that his Sixth Amendment right to a speedy trial was not violated by the ten-year delay between the criminal complaint against him and his trial on a state murder charge. The Magistrate Judge has recommended that the court deny Wallace's Petition [Doc. No. 1]. Report and Recommendation [Doc. No. 26]. Wallace raises two objections. The court addresses each objection in turn.

I. Unreasonable Application of Supreme Court Precedent to Materially Indistinguishable Facts

First, Wallace objects to the Report and Recommendation's conclusion that the SJC's decision was not an unreasonable application of clearly established federal law. Pet'r's Objs. to Magistrate Judge's R. and R. on Pet. for Habeas Corpus ("Objections") 1-5 [Doc. No. 28]. Wallace identifies three Supreme Court cases—Barker v. Wingo, 407 U.S. 514 (1972); Doggett v. United States, 505 U.S. 647 (1992); and Smith v. Hooey, 393 U.S. 374 (1969)—but makes no

argument that the first two of these involve materially indistinguishable facts. Objections 2-4 [Doc. No. 28].

In the third case, Smith v. Hooey, the petitioner was in federal custody when he was indicted on a state law charge. Shortly after the state charge was filed against him, he wrote to a Texas trial court requesting a speedy trial. 393 U.S. at 375. He was told he would be given a trial within two weeks of a date that he could specify he would be present. Id. Over the next six years, the petitioner periodically, through letters and motions, asked to be brought to trial. Id. The state took no further steps to try the petitioner or bring him into state custody. Id. Eventually, the petitioner brought a mandamus proceeding in the Supreme Court of Texas requesting that the charges be dismissed, but that petition was refused. Id. On a petition for certiorari, the Supreme Court of the United States held that the petitioner's confinement in federal prison did not absolve the state of its constitutional duty to guarantee a speedy trial, and the delay following petitioner's repeated requests to be tried was a violation of his speedy trial right. Id. at 377.

The Report and Recommendation found that Smith v. Hooey was not materially indistinguishable, and this court agrees. In Smith, petitioner vehemently and repeatedly sought to invoke his speedy trial right. Those facts, which were central to the Supreme Court's holding in that case, are not present here, where Petitioner deliberately evaded custody for four years prior to his arrest and where it is uncontroverted that Petitioner did not assert his speedy trial right. Consequently, it cannot be said that the SJC "confront[ed] a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrive[d] at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2002).

Petitioner points to the Magistrate Judge's further finding that "the record was not established regarding how to bring [Petitioner] into state custody." Id. at 2. Petitioner then

2

argues, based on a Tenth Circuit case, United States v. Seltzer, 595 F.3d 1170 (10th Cir. 2010), that "where prosecutors await completion of another sovereign's prosecution before attempting to secure a defendant for trial, they must make a particularized showing of why delay was necessary," and the Commonwealth has made no such showing here. Objections 3 [Doc. No. 28]. But Section 2254 specifies that "clearly established" precedent for purposes of the habeas writ is that from the Supreme Court. 28 U.S.C. § 2254(d)(1). And "circuit court case law is only relevant under habeas review to 'ascertain whether [a court of appeals] has already held that the particular point in issue is clearly established by Supreme Court precedent.'" Bebo v. Medeiros, 906 F.3d 129, 137-38 (1st Cir. 2018) (citing Marshall v. Rodgers, 569 U.S. 58, 64 (2013)).

II.     Unreasonable Application of Barker

Second, Wallace objects that the SJC's balancing of the Barker factors was so flawed as to constitute an objectively unreasonable application of Barker, and the Report and Recommendation's conclusion to the contrary was error. Objections 5-8 [Doc. No. 28].

The Supreme Court has emphasized that there is no bright-line rule for when a delay before trial becomes a speedy trial right violation. See, e.g., Barker, 407 U.S. at 522 ("[T]he right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate."). It has described the balancing process that courts undertake in evaluating speedy trial claims as "difficult and sensitive." Id. at 533. Consequently, federal courts reviewing state court speedy trial determinations have treated those determination with even more deference than the already substantial deference required by AEDPA. See, e.g., Rashad, 300 F.3d at 45 ("AEDPA requires that we cede substantial deference to the state court's legal and factual conclusions. This

deference is heightened in a Barker-type case, because constructing a balance among the four factors 'is more judicial art than science.'") (citing Look v. Amaral, 725 F.2d 4, 7 (1st Cir. 1984)).

The district court's review is thus extremely limited. "[T]he state court's application of Supreme Court precedent 'must be objectively unreasonable, not merely wrong; even clear error will not suffice.'" Webster v. Gray, 39 F.4th 27, 34 (1st Cir. 2022) (quoting White v. Woodall, 572 U.S. 415, 419 (2014)). "And in all events, the reasonableness of a state court's application of a rule laid down by the Supreme Court is calibrated to the specificity of the rule: '[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). This is particularly true for speedy trial cases. In Rashad, the First Circuit wrote: "the state court's overall balancing of the Barker factors, not its handling of any single factor, is the proper focal point" of speedy trial review. 300 F.3d at 33. "[I]t is the strength of the state court's ultimate conclusion, rather than its announced rationale, that must be evaluated. Importantly, the test does not demand infallibility: a state court's decision may be objectively reasonable even if the federal habeas court, exercising its independent judgment, would have reached a different conclusion." Id. at 35 (internal citation omitted) (citing Williams, 529 U.S. at 411).

The court agrees with Petitioner that the government's delays in this case were significant, and that the roughly two-year delay between Petitioner's federal re-sentencing and state court arraignment weighs heavily against the government. The court also disagrees with the SJC's determination that Petitioner's flight meant that the entirety of the delay, even those years attributable to the state prosecutor's lack of diligence, should be counted against Petitioner. As the Report and Recommendation notes, this approach is not supported by case law, see Rashad,

300 F.2d at 36 n.5 (endorsing approach that addresses each period of delay separately, even where sizeable portion of overall delay was defendant's fault), or logic. But, where Petitioner has not shown that he suffered any special prejudice, or that he invoked his speedy trial right, the SJC's ultimate conclusion that the delay in bringing Petitioner to trial was not unconstitutional was not an unreasonable application of Supreme Court precedent.

Accordingly, the court adopts the Report and Recommendation [Doc. No. 26] in full and DENIES Wallace's Petition [Doc. No. 1].

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the parties shall submit any arguments by no later than June 15, 2024, on whether a certificate of appealability should issue. IT IS SO ORDERED.

May 28, 2024                                                    /s/Indira Talwani
                                                                United States District Judge